DECISION AND JUDGMENT ENTRY
Muskingum Township appeals the trial court's denial of summary judgment and assigns the following errors:
Assignment of Error No. 1:
 The Trial Court erred in finding that a township employee who was working to maintain a township culvert falls under the exception to sovereign immunity found in R.C. Section 2744.02(B)(3) imposing liability upon political subdivisions for failure to keep public roadways in repair and free from nuisance.
 Assignment of Error No. 2:
 The Trial Court erred in finding that R.C. Section 2744.09(C) providing that sovereign immunity does not apply to civil actions by an employee of a political subdivision relative to wages, hours, conditions or other terms of his employment, involves a personal injury action brought by a public employee.
We first address the propriety of this appeal. Appellees urge us to dismiss this appeal because, they argue, the trial court's denial of summary judgment is not a final appealable order. Generally, a trial court's denial of summary judgment is not a final appealable order. See Whiteside, Ohio Appellate Practice (1999 Ed.) 59, Section 2.36. However, effective January 27, 1997, the General Assembly amended R.C. 2744.02 to add paragraph (C), which states:
 "An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in Chapter 2744, or any other provision of the law, is a final order."
In the past we have relied upon R.C. 2744.02(C) to establish the jurisdictional basis to review the denial of immunity in the summary judgement context. See Lutz v. Hocking Tech. College (May 18, 1999), Athens App. No. 98CA12, unreported. However, since that amendment to chapter 2744 was part of Am.Sub.H.B. 350, we no longer can do so. Recently, the Supreme Court of Ohio held Am.Sub.H.B. 350 to be unconstitutional in toto. See State, exrel. Ohio Academy of Trial Lawyers, et al. v. Sheward (August 16, 1999), 1999 Ohio Lexis 2580. In doing so, the court returned the law concerning final appealable orders to its status prior to the adoption of R.C. 2744.02(C). Therefore, we lack jurisdiction to review this appeal because the trial court's denial of summary judgment is not a final appealable order. See Whiteside, supra.
APPEAL DISMISSED.
JUDGMENT ENTRY
It is ordered that the appeal be dismissed and that Appellees recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
Any Stay previously granted by this Court is hereby terminated as of the date of filing of this Entry.
A certified copy of this Entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
KLINE, P.J.: Concur in Judgment and Opinion.
EVANS, J: Concur in Judgment Only.
For the Court
 By:___________________________ WILIAM H. HARSHA, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 11, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.